THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>            Plaintiff,<br><br>v.<br><br>BRIAN REDD et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:24-CV-00709-RJS<br><br>Chief District Judge Robert J. Shelby |

Plaintiff Lonnie Norton, representing himself, brought this civil-rights action pursuant to 42 U.S.C.S. § 1983 (2025).[1] Having now screened the Complaint[2] under its statutory review function,[3] the court orders Plaintiff to file an amended complaint curing deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C.S. § 1983 (2025).

[2] Dkt. 1, *Complaint*.

[3] *See* 28 U.S.C.S. § 1915A (2025). The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## A.  COMPLAINT'S DEFICIENCIES

The Complaint:

1.  Improperly alleges civil-rights violations on a *respondeat superior* theory.

2.  Does not properly affirmatively link each individually named defendant to a specific civil-rights violation.

3.  Possibly inappropriately alleges civil-rights violations on the basis of denied grievances.[4]

4.  Alleges "random and unauthorized deprivation of property under color of state law," without acknowledging that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy"—e.g., a grievance process.[5]

5.  Does not adequately link each element of a legal-access claim to specific named defendants.

6.  Does not adequately link each element of a retaliation claim to specific named defendants.

7.  Does not adequately link each element of a failure-to-protect claim to specific named defendants.

8.  Alleges conspiracy claims that are too vague.

9.  Has claims based on current confinement; however, the complaint was apparently not submitted using legal help Plaintiff is constitutionally entitled to by his institution—i.e., the prison contract attorneys.[6]

---

[4] *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[5] *Frazier v Flores*, 571 F. App'x 673, 675–677 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

[6] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement'") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis in original)).

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[7] These requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[8]

Pro se litigants are not excused from meeting these minimal pleading demands.[9] "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[10] Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."[11] Thus, the court cannot "supply additional facts, . . . [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[12]

Plaintiff should consider these points before filing an amended complaint:

• The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s).[13] Additionally, an amended complaint may not be added to after filing without moving for amendment.[14]

---

[7] Fed. R. Civ. P. 8.

[8] *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id*.

[11] *Id*.

[12] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[13] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating an amended complaint supersedes the original complaint).

[14] Fed. R. Civ. P. 15.

- Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

- The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights.[15] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[16] Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

- Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.[17] Given such a complaint, "a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin."[18]

- Plaintiff may not name an individual as a § 1983 defendant based solely on his or her supervisory position.[19]

---

[15] *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil-rights action).

[16] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[17] *See Robbins*, 519 F.3d at 1248 (stating the Supreme Court "was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim]'").

[18] *Id*. (citation omitted).

[19] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.").

- Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[20]

- "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[21]  However, Plaintiff need not include grievance details in the complaint.  Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants.[22]

- ***Respondeat superior***.  The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[23]  Consequently, there is no *respondeat superior* liability under § 1983.[24]  Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor.[25]  Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts.[26]

---

[20] *Gallagher*, 587 F.3d at 1069.

[21] 42 U.S.C.S. § 1997e(a) (2025).

[22] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[24] *See id.* ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[25] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 689 (1978).

[26] *See Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998).

- **Affirmative link.** This tenet requires the following:

  > [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant personally participated in the alleged constitutional violation at issue. Indeed, because § 1983 is a vehicle for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.[27]

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."[28] Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."[29]

- **Legal-access claim.** It is true that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access."[30] In *Bounds v. Smith* the Supreme Court expounded on the obligation to provide legal access stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

---

[27] *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019) (internal quotation marks, alternations, and citations omitted). *See also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Robbins*, 519 F.3d at 1250 (explaining that when a plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir. 1998) (holding the district court's analysis of the plaintiff's § 1983 claims was "infirm" where the district court "lump[ed]" together the plaintiff's claims against multiple defendants "despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]" and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

[28] *Estate of Roemer*, 764 F. App'x at 790 n.5.

[29] *Id*.

[30] *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).

assistance from persons trained in the law."[31] However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."[32] In other words, a plaintiff must show that "denial or delay of access to the court prejudiced him in pursuing litigation."[33] Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."[34]

- **Retaliation Claim**. To properly assert a retaliation claim, Plaintiff must allege facts supporting three elements: (1) Plaintiff "was involved in a constitutionally protected activity"; (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct.[35]

- **Failure to protect.** The Tenth Circuit has explained that:

> The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including reasonable measures to guarantee the safety of the inmates. This obligation includes a duty to protect prisoners from violence at the hands of other prisoners. To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration presented an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm. To satisfy the second prong, the inmate must show that the prison official was deliberately indifferent to the inmate's health or

---

[31] *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (citation omitted).

[32] *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *see also Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[33] *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

[34] *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

[35] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

safety. A prison official will not be liable unless he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[36]

• **Conspiracy**. As to Plaintiff's possible conspiracy claim, Plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'"[37] Plaintiff has not met this responsibility in the current complaint; vague assertions that multiple people were involved in effecting breaches of civil rights, and, therefore, a conspiracy must be involved, are not enough. Plaintiff must assert more detail to pursue this claim further.

## C. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must cure the Complaint's deficiencies noted above within thirty days by filing a document entitled Amended Complaint that does not refer to or include any other document, including the Complaint.[38]

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue the amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

---

[36] *Pittman v. Kahn*, No. 23-1153, 2024 WL 507476, at *3–4 (10th Cir. Feb. 9, 2024) (unpublished) (internal quotation marks, alterations, and citations omitted).

[37] *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).

[38] Dkt. No. 1.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**5.** Plaintiff must tell the court of any address change and timely comply with court orders.[39] Failure to do so may result in this action's dismissal for failure to prosecute.[40]

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

8. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action."[41]

---

[39] *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

[40] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

[41] DUCivR 83-1.6(a).

DATED this 3rd day of June 2025.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court