THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>                   Plaintiff,<br><br>v.<br><br>BRIAN REDD et al.,<br><br>                   Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:24-CV-709-RJS<br><br>Chief District Judge Robert J. Shelby |

On September 25, 2024, *pro se* Plaintiff Lonnie Norton filed a Motion for Appointment of Counsel.[1] "As a civil litigant, [a] plaintiff has no Sixth Amendment right to counsel,"[2] and the court lacks authority to compel representation.[3] However, a federal statute authorizes the court to ask counsel to agree to represent an indigent plaintiff free of charge.[4]

---

[1] Dkt. 2.

[2] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[3] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300–02 (1989) (explaining that district courts may not "make compulsory appointments in civil actions").

[4] *See* 28 U.S.C. § 1915(e)(1) (2025) ("The court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 n.3 (10th Cir. 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). The Tenth Circuit has noted: "Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time." *Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources.").

Plaintiff has the burden of persuading the court that his claims merit such a request of counsel, and Plaintiff has not addressed his burden.[5] Further, "[i]t is not enough" for Plaintiff to argue he needs help "in presenting his strongest possible case, as the same could be said in any case."[6]

In deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7] While Plaintiff has not argued the applicability of these factors, the court considers them in concluding at this time that Plaintiff's claims may not be colorable,[8] the issues in this case are not complex, and Plaintiff does not appear to be incapacitated or unable to adequately function in pursuing this matter. Accordingly, the court denies Plaintiff's motion for appointed counsel at this time.

**IT IS ORDERED** that Plaintiff's motion for appointed counsel is **DENIED**.[9] However, if it later appears counsel may be needed, the court may ask an attorney to appear *pro bono* on Plaintiff's behalf. Going forward, the court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

---

[5] *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39; *see also Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

[8] *See* Dkt. 10, *Memorandum Decision and Order to Cure Deficient Complaint* (concluding Plaintiff's Complaint is deficient and ordering Plaintiff to cure the deficiencies with an Amended Complaint).

[9] Dkt. 2.

DATED this 2nd day of September 2025.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court